# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1556
_____

United States of America

*Plaintiff - Appellee*

v.

Romone Raphael Jackson, also known as Ramone Raffael Jackson, also known as Black

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: October 20, 2023
Filed: March 7, 2024
[Unpublished]
_____

Before SMITH, Chief Judge, LOKEN and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Romone Raphael Jackson pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The presentence investigation report recommended application of the career offender enhancement based on Jackson's 2007 conviction in Nebraska for

delivery of cocaine base and 2016 conviction in Iowa for possession with intent to deliver cocaine and marijuana. Jackson objected to the recommendation, arguing that his prior state convictions were not qualifying "controlled substance offense[s]," *see* U.S.S.G. § 4B1.2(b), because the statutes categorically defined cocaine and marijuana more broadly than the definition in the federal Controlled Substances Act (CSA). The district court[1] denied Jackson's objections and held that the career offender enhancement was supported by the record. It sentenced Jackson to 108 months' imprisonment.

On appeal, Jackson argues that his prior convictions are not controlled substance offenses under the career offender enhancement because the state criminal statutes sweep more broadly than the CSA in two respects: (1) Nebraska and Iowa categorically define cocaine more broadly than their federal counterpart, and Iowa defines marijuana more broadly than the CSA; and (2) Nebraska and Iowa make it a crime to *deliver* a controlled substance whereas the federal definition of a controlled substance offense covers only the *distribution or dispensing* of drugs.

Jackson's arguments are foreclosed by circuit precedent. *See, e.g.*, *United States v. Bailey*, 37 F.4th 467, 469–70 (8th Cir. 2022) (per curiam) ("Iowa . . . has removed hemp from its marijuana definition since [the defendant's] convictions occurred. But we may not look to 'current state law to define a previous offense. [The defendant's] uncontested prior marijuana convictions under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualified as controlled substance offenses for the career offender enhancement." (citation omitted) (quoting *United States v. Jackson*, No. 20-3684, 2022 WL 303231 (8th Cir. Feb. 2, 2022) (unpublished per curiam))); *United States v. Henderson*, 11 F.4th 713, 718 (8th Cir. 2021) (holding that the term "controlled substance offense" as used in U.S.S.G.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

§ 4B1.2(b) includes state-law offenses even if the state statute sweeps more broadly than the CSA); *United States v. Maldonado*, 864 F.3d 893, 900 (8th Cir. 2017) ("We note, of course, that the term 'deliver' does not appear in U.S.S.G. § 4B1.2(b). Nevertheless, § 4B1.2(b) refers to both 'distribution' and 'dispensing,' and [the defendant] fails to show a realistic probability that a defendant would be convicted of 'conspiracy to distribute' in Nebraska or 'possession with intent to deliver' in Iowa for conduct that would fall outside the generic definitions of 'distribution' or 'dispensing.'").[2]

This precedent controls. We therefore affirm the judgment of the district court.

_____

[2]Like the defendant in *Maldonado*, we hold that Jackson "fails to show a realistic probability that a defendant would be convicted of 'conspiracy to distribute' in Nebraska or 'possession with intent to deliver' in Iowa for conduct that would fall outside the generic definitions of 'distribution' or 'dispensing.'" 864 F.3d at 900. As the government points out, "the *Maldonado* Court held that several cases cited, including *State v. Brown*, which Jackson relies on, 'did not construe the statutory definitions of "deliver" to encompass mere offers to sell.'" Appellee's Br. at 7 (quoting *Maldonado*, 864 F.3d at 900). We also reject Jackson's argument that the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015, 2025 (2022), overruled *Maldonado*. *See United Stats v. Bragg*, 44 F.4th 1067, 1076 (8th Cir. 2022) (rejecting defendant's argument "that the Supreme Court's recent decision in . . . *Taylor* . . . 'definitively held that overbroad statutory language alone is sufficient to establish that a statute is not a categorical match'").